UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| BOTANICAL DECORATORS, INC. | * | Case No:   22-16223 MCR |
| Debtor | * | (Chapter 7) |

| | | |
|---|---|---|
| In re: | * | |
| LAURA J. MARGULIES, CHAPTER 7 TRUSTEE FOR CJ CAHILL DESIGN BUILD, INC., et al. | * * | |
| Plaintiffs | * | Adv. Proc. No.  23-00287 MCR |
| v. | * | |
| CHRISTOPHER JOHN CAHILL, et al. | * | |
| Defendants | * | |

| | | |
|---|---|---|
| In re: | * | |
| CHRISTOPHER JOHN CAHILL | * | Case No: 22-16740 MCR |
| Debtor | * | |

**MOTION TO REVISE ORDER GRANTING TRUSTEE'S
<u>MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE</u>**

1.   Laura J. Margulies, Chapter 7 trustee (the "Trustee" or "Plaintiff") for the bankruptcy estates of CJ Cahill Design Build, Inc. ("Design Build"), Botanical Decorators, Inc. ("Botanical") (together, Design Build and Botanical are referred to in the aggregate as the ("Debtor Entities") and Christoher John Cahill ("Cahill"), by and through her undersigned

1

counsel, hereby submits this Motion to Revise Order to Compel Turnover of Property of the Estate entered on July 8, 2024 (DE 144) ("the Turnover Order") and respectfully represents:

2. On November 7, 2022, the Debtor Entities filed a Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code (the "Petition Date").

3. On December 2, 2022, Cahill filed a Petition for Bankruptcy under Chapter 7 of the Bankruptcy Code under Case No. 22-16740-MCR ("Individual Case").

4. The Trustee is the duly appointed and acting Trustee for the bankruptcy estates of the Debtor Entities and in the Individual Case.

5. Richard Cahill ("Richard") is the spouse of Christopher.

6. The Trustee filed multiple Objections to Christopher's Amended Claim of Exemptions in the Individual Case ("Exemption Objections") relating to a Delaware tax refund as well as additional personal property that the Trustee claimed exceeded the applicable exemptions and/or was not subject to an exemption as tenancy by the entireties due to the Debtor Entities' and the Individual Case's joint claims against Christopher and Richard.

7. On November 22, 2023, the Trustee filed a Complaint in this Adversary Proceeding against Christopher and Richard alleging various causes of action ("Adversary Case") including, but not limited to, fraudulent transfers and preferential transfers.

8. The Parties engaged the services of a third-party mediator. After extensive negotiations lasting months between the Parties, and to avoid the significant costs of further investigation into the facts in this case, the costs of litigation and the risk of loss, the Parties have reached an agreement (the "Settlement Agreement") to settle the claims regarding the Transfers between the Debtor Entities, on the one hand, and Christopher and Richard, on the other hand, as

well as the disputes between the Trustee and Christopher over his claims of exemptions in the Individual Case.

9. Under the Settlement Agreement, Christopher agreed to amend his exemptions to reduce the amount of exempt retirement funds by a total sum of Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00). The parties are settling their disputes for the total sum of Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00), but the Trustee and Christopher recognize that the Trustee may need a Court Order to compel the financial institution that manages Christopher's 401(k)-retirement account to turnover the sum of Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00).

10. Under the terms of the Settlement Agreement, Paragraph 2 states "Christopher shall execute a consent order acknowledging his acquiescence to – and support of – the Turnover Motion (the "Turnover Consent Order")…"

11. However, Christopher did not sign such Turnover Consent Order and is therefore in breach of the settlement agreement.

12. On April 4, 2024, the Trustee filed a Motion to Approve Compromise in the Adversary Case [DE 28] and a Notice of Motion to Approve Compromise in the Individual Case [DE 132].

13. On May 10, 2024, the Court entered the Consent Order Granting Motion to Approve Compromise.

14. On May 24, 2024, the Debtor filed a Line Attaching Consent Order resolving the disputes between the Parties regarding the Debtor's Claim of Exemptions (DE 138 of Christopher's Individual Case) and attached the Consent Order ("Consent Order Regarding Exemptions").

15. On June 6, 2024, the Trustee uploaded a revised Consent Order Regarding Exemptions.

16. On June 10, 2024, the Court entered the Consent Order Regarding Exemptions. DE 140.

17. On June 14, 2024, the Trustee filed a Motion to Compel Turnover Property of the Estate ("Motion"). DE 143.

18. On July 8, 2024, the Court granted the Motion and entered the Turnover Order (DE 144).

19. After nearly two weeks, the Debtor sent to the Trustee, information regarding the holder of his retirement account where the funds were not fully exempted which location was "John Hancock."

20. On July 23, 2024, the Trustee sent a demand letter to John Hancock Financial Insurance ("John Hancock"), the purported holder of the Debtor's retirement account, to turnover the $75,500 of non-exempt funds from the Debtor's retirement account.

21. On July 31, 2024, John Hancock communicated with Counsel for Trustee about its inability to comply with the Turnover Order because the Debtor, not John Hancock, is the Plan Administrator of the Retirement Plan identified below.

22. John Hancock suggested to Counsel that the Department of Labor insists that the Order to Compel be addressed to the Plan Administrator, Christopher Cahill, and not John Hancock. John Hancock is not authorized to make distributions under the Plan or Federal law.

23. John Hancock also thought that Botanical was the interested party in the Motion.

24. Accordingly, the Trustee requests that the Court enter an amended order to compel Christopher John Cahill, as Plan Administrator of the CJC & Associates, Inc. T/A

4

Botanical Decorators 401(k) Plan, Group Annuity Contract No. 25850 ("Plan") to timely complete, execute and return documentation required by John Hancock to cause the turnover to the Trustee of Cahill Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00), which represents the non-exempt portion of the Plan.

WHEREFORE, the Trustee respectfully requests that this Court enter the attached Order ordering Christopher John Cahill, the Plan Administrator of the CJC & Associates, Inc. T/A Botanical Decorators 401(k) Plan, Group Annuity Contract No. 25850 to timely complete, execute and return documentation that John Hancock provides to him to cause turnover to the Trustee of Cahill Seventy-Five Thousand Five Hundred and 00/100 Dollars ($75,500.00) of non-exempt funds from the Plan; and to grant such other and further relief as is just and proper.

Date: August 1, 2024                                                    Respectfully submitted,

*/s/ James M. Hoffman*
James M. Hoffman (Bar # 04914)
Offit Kurman, P.A
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
(240) 507-1710
(240) 507-1735  Facsimile
jhoffman@offitkurman.com
*Attorneys for Laura J. Margulies, Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 2nd day of August 2024, a copy of the foregoing Motion and Proposed Order were served via this Court's CM/ECF system upon the following parties:

Parties under Adv Proc. No.: 23-00287:

- **Justin Philip Fasano**    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; dmoorehead@mhlawyers.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;mtaylor@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- **James M. Hoffman**    jhoffman@offitkurman.com, mmargulies@offitkurman.com
- **Maurice Belmont VerStandig**    mac@mbvesq.com, lisa@mbvesq.com; mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

Parties under Christopher Cahill's case:

- **Corinne Donohue Adams**    cadams@yvslaw.com, cadams@yvslaw.com; pgomez@yvslaw.com;v michaelides@yvslaw.com; yvslawcmecf@gmail.com; r39990@notify.bestcase.com
- **Michael Amster**    mamster@zagfirm.com
- **Justin Philip Fasano**    jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; dmoorehead@mhlawyers.com;tmackey@mhlawyers.com;hleaphart@mhlawyers.com;cmartin@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
- **James M. Hoffman**    jhoffman@offitkurman.com, mmargulies@offitkurman.com
- **Nikita Rajendra Joshi**    Nikita.Joshi@bww-law.com, bankruptcy@bww-law.com
- **Lawrence A. Katz**    lkatz@hirschlerlaw.com, chall@hirschlerlaw.com;aklena@hirschlerlaw.com
- **Michael J. Klima**    bankruptcy@peroutkalaw.com
- **Lynn A. Kohen**    lynn.a.kohen@usdoj.gov
- **Laura J. Margulies**    trustee@law-margulies.com, lmargulies@ecf.axosfs.com;bkadmin@axosbank.com
- **John McKenna**    jackmckenna@asm-law.com
- **Gregory Christopher Mullen**    bankruptcy@bww-law.com, gregory.c.mullen@gmail.com
- **Jason S. Ordene**    jordene@bregmanlaw.com, mgomes@wtplaw.com
- **Jeffrey M. Orenstein**    jorenstein@wolawgroup.com
- **Daniel J. Pesachowitz**    dpesacho@siwpc.com, rjones@siwpc.com; bkreferrals@siwpc.com; siwbkecf@siwpc.com; siwpc@ecf.courtdrive.com; siwattecf@siwpc.com
- **Richard M. Sissman**    RSissmanesq@his.com
- **US Trustee - Greenbelt**    USTPRegion04.GB.ECF@USDOJ.GOV
- **Maurice Belmont VerStandig**    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I FURTHER CERTIFY, that on this 2nd day of August 2024, a copy of the foregoing Motion and Proposed Order were served via regular U.S. Mail, postage prepaid upon the following parties:

Christopher John Cahill
13312 Drew Lane
Potomac, MD 20854

Botanical Decorators, Inc.
P.O. Box 60833
Potomac, MD 20859

                                                         /s/ James M. Hoffman
                                                         James M. Hoffman

4885-3474-6836, v. 5