**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **BOTANICAL DECORATORS, INC.** | * | **Case No. 22-16223 MCR** |
| | | **Chapter 7** |
| **Debtor** | * | |

---

### MOTION TO COMPEL TURNOVER OF 2021 FEDERAL TAX REFUND

Laura J. Margulies, Chapter 7 Trustee ("Trustee"), by and through undersigned counsel, for the Bankruptcy Estate of Botanical Decorators, Inc. hereby files this Motion to Compel Turnover of Federal Tax Refund against the United States of America, specifically, the Internal Revenue Service ("IRS") and the Department of the Treasury ("Motion"). In support thereof, the Trustee states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and 11 U.S.C. §§542. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

### Parties and Related Persons and Entities

3. On November 7, 2022, the Debtor, Botanical Decorators, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in Case No. 22-16223 ("Estate").

4. Laura J. Margulies ("Trustee") was appointed as Chapter 7 Trustee for the Estate and continues to serve as the Chapter 7 Trustee.

5. The Trustee is required to collect all assets of the Bankruptcy Estate, including all tax refunds. See 11 U.S.C. 541, 704(a)(1).

6. The Debtor was a business licensed to do business in the State of Maryland with its principal office located at 5011 Olney-Laytonsville Road, Olney, MD 20832.

7. The Trustee received notice from the IRS by mail dated January 2, 2023, more than two (2) years ago, that the Estate is entitled to a Federal tax refund from overpayment on Form 941 for the tax period ending March 31, 2021 in the amount of $131,248.02 ("Refund"). See a copy of the January 2, 2023 letter, attached hereto as **Exhibit 1**.

8. The January 2, 2023 letter stated that the Refund will be issued "within 4-6 weeks…"

9. As of the date of this Motion, the Trustee has not received the Refund.

10. On July 10, 2023, and being concerned over the delay, the Trustee communicated with the IRS by telephone and was informed by a representative that a paper case was being created that day and her request for them to issue the check was in queue.

11. Approximately every three (3) months thereafter (i.e., October 2023, January 2024, April 2024 and July 2024), the Trustee communicated with the IRS and each time was told that the request was "in queue."

12. On November 27, 2024, the Trustee called multiple offices within the IRS and the insolvency department. One agent informed the Trustee that she thought she could write the check but later determined that she could not. The agent informed the Trustee to give it "30 days" to receive the check. An agent with the insolvency unit provided the Trustee with the same response.

13. On February 5, 2025, the Trustee again communicated with the IRS to inquire about the status of the Refund and was told by an agent named Mr. Allen that it was still "in queue" and he had no idea when the Refund would actually be issued.

14. Upon information and belief, the IRS and the Department of the Treasury have not issued the Refund to the Trustee for the amount of $131,248.02.

15. The Trustee has been waiting over two (2) years for the Refund so that the Trustee can complete the expeditiously administration of the Estate.

16. The delay by the IRS and the Department of the Treasury in issuing the Refund has caused an unnecessary delay in the proper and timely administration of the Estate at the expense of the creditors whose claims exceed $2 Million.

17. The Trustee has been very patient and made efforts on multiple occasions to prompt the IRS and the Department of Treasury to simply issue a check that was due and owing more than two (2) years ago.

18. While understanding that the IRS and the Department of the Treasury do not have the physical resources they desire and may be overwhelmed with work, they should be able to cause the issuance of a single refund in more than two (2) calendar years.

19. The IRS admits that it issued 120.9 million refunds to individuals in FY 2023, amounting to more than $461.2 billion dollars[1], but it somehow was unable to issue the refund to the Trustee for Tax year 2021 for $131,248.02 (plus interest).

---

[1] See https://www.irs.gov/statistics/returns-filed-taxes-collected-and-refunds-issued#:~:text=The%20IRS%20issued%20120.9%20million,7%20XLSX%20and%208%20XLSX).
.

3

20. The IRS states that it expects more than 140 million individual tax returns for tax year 2024 to be filed ahead of the Tuesday, April 15, 2025 federal deadline.[2]

21. The Trustee is fearful that the public's tax filings with the IRS for tax year 2024, will place the Estate's refund even further behind in the IRS's purported "queue."

22. Through this pleading, the Trustee demands the turnover of the Refund which should have been issued in the ordinary course of business during the past two (2) years.

23. The IRS and the Department of the Treasury have wrongfully withheld the Refund from the Trustee and the Estate, thereby harming the many creditors of the Estate.

24. There is no just cause for the delayed issuance of the refund in issue.

25. The Trustee has filed this action as a Motion pursuant to 11 U.S.C. §542(a) of the Bankruptcy Code.

26. The Trustee has not filed, at this time, a Motion for Sanctions for the United States Government violating the automatic stay although she reserves the right to do so under 11 U.S.C. §362(a)(3), although 11 U.S.C. § 7430 does not prevent a bankruptcy court from awarding costs and attorneys' fees pursuant to 11 U.S.C. § 362 for a violation of the automatic stay. See *Taborski v. U.S. I.R.S.,* 141 B.R. 959, 968 (N.D. Ill. 1992)("[I]nstead of expeditiously investigating [the Debtor's claim], the IRS dragged its heels for over sixteen months before providing [the Debtor] her rightful share of the 1987 and 1988 refunds."); Also see *In re Connecticut Pizza, Inc.,* 193 B.R. 217, 228 (Bankr. D. Md. 1996)(J. Keir)(favorably citing *Taborski*).

---

[2] https://www.irs.gov/newsroom/2025-tax-filing-season-starts-as-irs-begins-accepting-tax-returns-today-taxpayers-have-many-options-for-help.

WHEREFORE, the Trustee respectfully requests that the Court:

A.  Enter an Order pursuant to 11 U.S.C. §542(a) that the IRS and/or the Department of the Treasury shall turnover to the Trustee $131,248.02 within fourteen (14) days of entry of an order approving this Motion;

B.  Enter a Judgment against the IRS and the Department of the Treasury determining that the Refund in its possession is property of the Bankruptcy Estate; and for other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 7, 2025

*/s/ James M. Hoffman*
James M. Hoffman (Fed. Bar No. 04914)
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
O (240) 507-1700
F (240) 507-1735
jhoffman@offitkurman.com
*Counsel for Laura J. Margulies, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of February, 2025, a copy of the Trustee's Motion to Compel Turnover was served electronically via this Court's CM/ECF system upon the following:

- Justin Philip Fasano  jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; tmackey@mhlawyers.com; hleaphart@mhlawyers.com; cmartin@mhlawyers.com; Fasano.JustinR92003@notify.bestcase.com
- Douglas Robert Gorius    dgorius.esq@comcast.net, douglasgorius@gmail.com; jaworskilaw@comcast.net;r44444@notify.bestcase.com
- James M. Hoffman    jhoffman@offitkurman.com,mmargulies@offitkurman.com
- Lynn A. Kohen    lynn.a.kohen@usdoj.gov
- Laura J. Margulies    trustee@law-margulies.com, lmargulies@ecf.axosfs.com; bkadmin@axosbank.com

5

- John McKenna    jackmckenna@asm-law.com
- Kevin M. O'Donnell    kmo@henrylaw.com, mbp@henrylaw.com;jtm@henrylaw.com;odonnell.kevinb@notify.bestcase.com
- Craig Palik    cpalik@mhlawyers.com, cpalik@ecf.inforuptcy.com; Palik.CraigR92003@notify.bestcase.com;mevans@mhlawyers.com;cmartin@mhlawyers.com
- Daniel J. Pesachowitz    dpesacho@siwpc.com, rjones@siwpc.com; bkreferrals@siwpc.com; siwbkecf@siwpc.com; siwpc@ecf.courtdrive.com; siwattecf@siwpc.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Diana Carolina Valle    diana.valle@vallelawfirm.com, 3517448420@filings.docketbird.com
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com; mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

And via regular, U.S. Mail, postage prepaid upon:

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770

Internal Revenue Service
c/o United States Attorney – District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
1111 Constitution Ave, NW
Washington, DC 20224

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States of America
c/o Erek L. Barron, Attorney General of the United States
United States Attorney's Office
District of Maryland
36 S. Charles Street 4th Fl.
Baltimore, MD 21201

                                              */s/ James M. Hoffman*
                                              James M. Hoffman

4898-8541-8519, v. 4