IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **BOTANICAL DECORATORS, INC.** | * | Case No. 22-16223 MCR |
| | | Chapter 7 |
| **Debtor** | * | |

**MOTION FOR SHOW CAUSE ORDER WHY THE
UNITED STATES OF AMERICA SHOULD NOT BE HELD IN CONTEMPT
AND FOR SANCTIONS FOR VIOLATION OF TURN OVER ORDER**

Laura J. Margulies, Chapter 7 Trustee (hereinafter the "Trustee"), pursuant to Sections 105(a) and 542(e) of the Bankruptcy Code, for the above-captioned bankruptcy estate (hereinafter the "Estate"), by and through her counsel, files this Motion For Show Cause Order Why the United States of America, specifically, the Internal Revenue Service ("IRS") and the Department of the Treasury ("DoT") Should Not Be Held In Contempt and For Sanctions for Violation of this Court's Turnover Order (the "Show Cause Motion"), and respectfully requests that this Court enter a show cause order why the IRS and DoT should not be held in contempt and ordered to pay sanctions to the Estate for violation of the Order Granting Motion to Compel Turnover of 2021 Federal Tax Refund [Docket No. 76] entered on February 28, 2025 (the "Turnover Order"). In support hereof, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

**CASE BACKGROUND**

2.    On November 7, 2022, the Debtor, Botanical Decorators, Inc. ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in Case No. 22-16223 ("Estate").

3.    Laura J. Margulies ("Trustee") was appointed as Chapter 7 Trustee for the Estate and continues to serve as the Chapter 7 Trustee.

4.    The Trustee is required to collect all assets of the Bankruptcy Estate, including all tax refunds. See 11 U.S.C. 541, 704(a)(1).

5.    The Debtor was a business licensed to do business in the State of Maryland with its principal office located at 5011 Olney-Laytonsville Road, Olney, MD 20832.

**FACTUAL BACKGROUND**

6.    The Trustee received notice from the IRS by mail dated January 2, 2023, more than two (2) years ago, that the Estate is entitled to a Federal tax refund from overpayment on Form 941 for the tax period ending March 31, 2021 in the amount of $131,248.02 ("Refund"). See a copy of the January 2, 2023 letter, attached hereto as **Exhibit 1.**

7.    The January 2, 2023 letter stated that the Refund will be issued "within 4-6 weeks…"

8.    On July 10, 2023, and being concerned over the delay, the Trustee communicated with the IRS by telephone and was informed by a representative that a paper case was being created that day and her request for them to issue the check was "in queue."

9.    Approximately every three (3) months thereafter (i.e., October 2023, January 2024, April 2024 and July 2024), the Trustee communicated with the IRS and each time was told that the request was "in queue."

10. On November 27, 2024, the Trustee called multiple offices within the IRS and the insolvency department. One agent informed the Trustee that she thought she could write the check but later determined that she could not. The agent informed the Trustee to give it "30 days" to receive the check. An agent with the insolvency unit provided the Trustee with the same response.

11. On February 5, 2025, the Trustee again communicated with the IRS to inquire about the status of the Refund and was told by an agent named Mr. Allen that it was still "in queue" and he had no idea when the Refund would actually be issued.

12. On February 7, 2025, the Trustee filed a Motion to Compel Turnover of 2021 Federal Tax Refund [Docket No. 75] (the "Turnover Motion").

13. On February 14, 2025, the Trustee received a telephone call from a Ms. Jiggers [spelling unknown], who identified herself as an agent of the IRS. Ms. Jiggers informed the Trustee that she was sending the Refund to the Trustee and wanted to verify the address of where to send it. After the Trustee provided Ms. Jiggers with the correct payment address, Ms. Jiggers informed the Trustee that she did in fact have the correct address and advised her that it was going out in that day's mail. This telephone call occurred more than one (1) month ago.

14. On February 28, 2025, the Court entered the Turnover Order, which granted the Turnover Motion.

15. As more fully set forth in the Turnover Order, the Court ordered the IRS and DoT to turn over the Refund within fourteen (14) days of the date of the Turnover Order or on or before March 14, 2025.

16. In addition, in the Turnover Order, the Court ordered that the Estate may seek sanctions and/or damages against the United States of America in the form of costs and expenses,

including reasonable attorneys' fees for disobeying this Court's order and for violating the automatic stay.

17. On March 17, 2025, after the IRS should have delivered the refund check, Jessica Dillon, Esq., an Assistant US Attorney assigned to handle this refund issue on behalf of the IRS, acknowledged to the Trustee that her client was aware of this Court's Turnover Order.

18. Counsel for the IRS stated:

I want to assure you that the IRS is processing the refund now. There were apparently two prior attempts to issue the refund, but it was returned each time as undeliverable. I am having the IRS issue the refund to the address directed in the Order, which is:

Laura Margulies, Trustee for the Estate of Botanical Decorators, Inc.
7050 W. Palmetto Park Road, Suite 15-390
Boca Raton, FL 33434

If that information is incorrect, please just let me know. Do not hesitate to reach out to me if you have any questions.

19. On March 17, 2025, the Trustee acknowledged receipt of the communication and confirmed the mailing address for the IRS.

20. The Trustee also informed the IRS's counsel that the refund check plus interest was due by March 14, 2025. The Trustee did not receive the payment on the date it was due. The Trustee further stated that her counsel had drafted a motion for sanctions and damages, plus costs and attorney's fees, for the IRS's failure to timely comply with the Order, and that Counsel's email halted the filing of the Motion. "Based on your email, I [the Trustee] would expect to receive the check by the end of business on March 20, 2025. If it has not already gone out, please advise them to send it to me via overnight delivery."

21. On March 20, 2025, Counsel for the IRS provided an update that the refund check was issued on March 17, 2027.

22. As of close of business on March 24, 2025, the Trustee had not received a refund check required by the Turnover Order.

23. As of the date of this Show Cause Motion, the IRS and the DoT have failed and refused to turn over the Refund to the Trustee.

24. Since January of 2023, the IRS has engaged in a systematic repertoire of lies based on the foundation of the words "in queue."

25. Counsel for the IRS obviously had the best of intentions when sending the status and is attempting to protect her client from the many false representations of the IRS staff that it would issue a refund check promised more than two (2) years ago ***and after*** the Court issued the Turnover Order.

26. While the IRS' counsel has acted with due diligence and cooperation to address the refund, the fact remains that the IRS and DoT have failed to process a refund from 2021 in the amount of $131,248.02, which the IRS represented would be delivered in 4 to 6 weeks.

27. The omissions of the IRS and DoT are now preventing this Estate from being fully administered and closed.

28. The Trustee has been more than patient and made efforts, on a quarterly basis and more frequently during the past five (5) months to prompt the IRS and the DoT to simply do what is required by law – deliver a refund check.

29. The Trustee continues to hear promises of payment, and yet the years tick by while the Trustee patiently waits in a fictitious "queue." At the same time, the IRS brags about delivering 120.9 Million refund checks in 2023.[1]

---

[1] https://www.irs.gov/statistics/returns-filed-taxes-collected-and-refunds-issued#:~:text=The%20IRS%20issued%20120.9%20million,credit%20(Table%207%20XLSX).

30. Instead of accepting responsibility for its omissions and solving the problem, the IRS passes the buck (figuratively, and clearly not literally). Then, it has the nerve to blame the United States Postal Service, another government agency, for failing to deliver the check on prior occasions.

31. If the Trustee were the IRS, and the IRS was an individual taxpayer, undoubtedly the IRS would have imposed the highest rate of interest it could apply – being the Federal Rate of approximately 4.33% and a failure-to-pay penalty of one-half of one percent for each month, or part of a month, up to a maximum of 25%[2] $131,248.02.

32. While various agencies of the Federal Government suffer from, or worry about, soon to be reduced resources, that was simply not the case in 2023 when the IRS should have issued the refund check.

33. The IRS and the DoT have violated the automatic stay by exercising control over an asset of the Estate and they are defying this Court's Turnover Order and thereby delaying the administration of this Bankruptcy Estate.

34. There is no just cause for the delayed issuance of the Refund in issue.

35. The behavior of the IRS and the DoT would not be tolerated if such conduct were performed by an individual over the past more than two (2) years.

## BASIS FOR RELIEF REQUESTED

36. Section 105(a) of the Bankruptcy Code states that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

37. Section 542(e) of the Bankruptcy Code provides that "[s]ubject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person

---

[2] https://www.irs.gov/taxtopics/tc653.

that holds recorded information, including books, documents, records, and papers, related to the debtor's property or formal affairs, to turn over or disclose such recorded information to the trustee."

38. Sections 105(a) and 542(e) of the Bankruptcy Code provide statutory support for the Trustee's requests herein.

39. As set forth herein, the IRS and the DoT have admitted that they owe the Estate the Refund and have failed to deliver it by the date identified by the Court.

40. The IRS and the DoT have wrongfully withheld the Refund from the Trustee and the Estate, thereby harming the many creditors of the Estate.

41. The IRS's and DoT's omissions constitute a clear violation of this Court's Turnover Order.

42. Congress explicitly conferred contempt powers on bankruptcy courts through 11 U.S.C. § 105(a). See *In re Walters,* 868 F.2d 665, 670 (4th Cir. 1989). Sovereign immunity does not apply under 11 U.S.C. § 105(a).

43. While a court should generally not exercise its contempt power when there is a reasonable doubt as to the wrongfulness of the conduct in question, there is no doubt in this case about the conduct. Compare *Life Techs. Corp. v. Govindaraj*, 931 F.3d 259, 267-68 (4th Cir. 2019) (citing *Taggart v. Lorenzen*, 587 U.S. 544, 139 S. Ct. 1795, 1801 (2019)).

44. The IRS and the DoT are certainly sophisticated entities and understand the meaning and importance of a court order. *See Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (a court's exercise of contempt is "reserved for those who fully understand the meaning of a court order and yet choose to ignore its mandate.") (citing *Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76, 88 S.Ct. 201 (1976)).

45. The First Circuit held that an employee of IRS willfully violated a discharge order when the employee knows of the order and took an intentional action that violates it. The court said that Congress intended to apply the same willfulness standard to violations of the discharge injunction that applied to violations of the automatic stay. Under this standard, a good-faith belief in a creditor's right to the property is not relevant to determining if a violation is willful. *IRS v. Murphy, 121 AFTR 2d 2018-1996* (1st Cir. 2018).

46. It is well-established that the IRS can be sued for violation of an automatic stay for wrongfully levying on property or threatening to do so. *See, e.g., In re Price,* 42 F.3d 1068, 1074 (7th Cir.1994) (upholding judgment against the IRS for violation of automatic stay for sending notice of intent to levy); *In re Washington,* 184 B.R. 172, 174–75 (S.D.Ga.1995) (same); *Davis v. I.R.S.,* 136 B.R. 414, 419–23 (E.D.Va.1992) (same, for levy and threat of levy). See *Hanna Coal Co. v. I.R.S.*, 198 B.R. 672, 673 (W.D. Va. 1996).

47. The IRS's actions demonstrate a willful disregard for the authority of this Court.

48. The IRS's actions have caused harm to the creditors of this Estate by preventing the completion of the administration of this Estate and by increasing the costs of administering this Estate.

49. The only appropriate sanction is monetary sanctions to discourage such prospective behavior by the IRS and the DoT in other cases.

50. A finding of contempt is necessary to ensure the integrity of this Court's orders and to protect the rights of Chapter 7 Trustee's and to discourage the disregard of the IRS's obligations to taxpayers and their bankruptcy estates.

51. Any lesser sanction than a finding of contempt and issuance of a monetary award would not be appropriate in the circumstances of this case nor will any lesser sanction be successful in inducing the IRS and the DoT to comply with the Turnover Order.

## **RELIEF REQUESTED**

The Trustee respectfully requests that the Court order the IRS and the DoT to appear at a hearing before this Court to show cause why the Court should not grant the following relief requested by the Trustee:

    A.    Order that the IRS and the DoT be held in contempt for failing to comply with the Turnover Order;

    B.    Order that the IRS and the DoT comply with the Turnover Order and turn over the Refund with all accrued interest through March 14, 2025, within ten (10) days after the entry of an order;

    C.    Order that in the event the IRS and the DoT do not turn over the entire Refund with interest to the Trustee within ten (10) days after the entry of the Order, the IRS and the DoT must pay to the Trustee:

        (i)    Attorneys' fees in the reasonable amount of Six Thousand Dollars ($6,000.00);

        (ii)    One Hundred Dollars ($100.00) per day for each day after the entry of the contempt order that the Refund, interest at the rate of six percent (6%) and attorneys' fees are not all in the custody of the Trustee;

    D.    Order the imposition of these sanctions is subject only to the granting of an Order Imposing Stay of the enforcement of this Order by the U.S. District Court; and

    E.    For such other and further relief as is just and proper.

Date: March 25, 2025                           Respectfully submitted,

                                               /s/ *James M. Hoffman*
                                               James M. Hoffman, Esq., 04914
                                               Offit Kurman, P.A.
                                               7501 Wisconsin Ave, Suite 1000W
                                               Bethesda, MD  20814
                                               Tel.: (240) 507-1710
                                               jhoffman@offitkurman.com
                                               *Counsel to Laura J. Margulies, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of March, 2025, an electronic copy of the foregoing Motion will be served electronically by the Court's CM/ECF system on the following:

- Justin Philip Fasano  jfasano@mhlawyers.com, jfasano@ecf.courtdrive.com; tmackey@mhlawyers.com; hleaphart@mhlawyers.com; cmartin@mhlawyers.com; Fasano.JustinR92003@notify.bestcase.com
- Douglas Robert Gorius    dgorius.esq@comcast.net, douglasgorius@gmail.com; jaworskilaw@comcast.net;r44444@notify.bestcase.com
- James M. Hoffman    jhoffman@offitkurman.com,mmargulies@offitkurman.com
- Lynn A. Kohen    lynn.a.kohen@usdoj.gov
- Laura J. Margulies   trustee@law-margulies.com, lmargulies@ecf.axosfs.com; bkadmin@axosbank.com
- John McKenna    jackmckenna@asm-law.com
- Kevin M. O'Donnell    kmo@henrylaw.com, mbp@henrylaw.com; jtm@henrylaw.com; odonnell.kevinb@notify.bestcase.com
- Craig Palik    cpalik@mhlawyers.com, cpalik@ecf.inforuptcy.com; Palik.CraigR92003@notify.bestcase.com; mevans@mhlawyers.com; cmartin@mhlawyers.com
- Daniel J. Pesachowitz    dpesacho@siwpc.com, rjones@siwpc.com; bkreferrals@siwpc.com; siwbkecf@siwpc.com; siwpc@ecf.courtdrive.com; siwattecf@siwpc.com
- US Trustee - Greenbelt    USTPRegion04.GB.ECF@USDOJ.GOV
- Diana Carolina Valle    diana.valle@vallelawfirm.com, 3517448420@filings.docketbird.com
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com; mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

I HEREBY FURTHER CERTIFY that on this 25th day of March 2025 a copy of the foregoing Motion and its Proposed Order was also mailed via first class mail, postage prepaid to:

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770

Internal Revenue Service
c/o United States Attorney – District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

Scott Bessent, Secretary of the Treasury
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
1111 Constitution Ave, NW
Washington, DC 20224

Pamela Bondi, United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States of America
c/o Erek L. Barron, Attorney General of the United States
United States Attorney's Office
District of Maryland
36 S. Charles Street 4th Fl.
Baltimore, MD 21201

             */s/ James M. Hoffman*
             James M. Hoffman

4920-9540-4587, v. 3