IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

Greenbelt Division

| | | |
|---|---|---|
| In Re: | * | |
| Botanica Decorators, Inc. | * | Case No. 22-16223 MCR<br>Chapter 7 |
| | * | |
| Debtor | | |
| * * * * * * * * * * * * * | | |
| Laura J. Margulies, Trustee | | |
| 7050 W. Palmetto Park Road, Suite 15-<br>390, Boca Raton, FL 33433 | *<br>* | |
| Plaintiff | | |
| vs. | * | Adv. Pro. No. 25- |
| Arturo Esquivel | * | |
| c/o Michael K. Amster, Esq. | | |
| 8757 Georgia Ave. #400 | * | |
| Silver Spring, Maryland 20910 | * | |
| Defendant | | |
| _____ | * | |

COMPLAINT FOR INTERPLEADER

Comes now the Plaintiff, LAURA J. MARGULIES, Chapter 7 Trustee, and files this Complaint for Interpleader against Arturo Esquivel ("Defendant"), by his attorney, Michael K. Amster, Esquire, and states as follows in support thereof:

1.   This is an action for interpleader, pursuant to Bankruptcy Rule 7022 and 28 U.S.C. Section 1335, involving the determination of entitlement to payment on the Defendant's Proof of

Claim Number 9.  This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (B) and (O).

2. Venue is proper in this district pursuant to 28 U.S.C. §1409.

3. Michael K. Amster, Esquire has filed several claims in this case on behalf of former employees of the Debtor, including one on behalf of the Defendant, Arturo Esquivel. In order to pay the wage claims of the former employees, the Trustee must pay the employer portion of the payroll taxes to the taxing authorities, for example, to the Internal Revenue Service, the Comptroller of Maryland, and others, on the priority portion of the claims as well as the unsecured non-priority portion of the claim. The Trustee asked that Mr. Amster provide her with the social security numbers or tax ID numbers for all his clients for whom he filed wage claims in this case. Mr. Amster was able to provide the numbers for all his clients with the exception of the Defendant, whom he informed the Trustee, does not have a social security number nor a Tax ID number.

4. Without being provided with the required numbers for the Defendant, the Trustee cannot pay Claim number 9 as she has no number to attribute to the Defendant for payment to the taxing authorities.

5. By failing to pay the required taxes, the Trustee would subject herself to personal liability for the Defendant's income taxes.

6. The Trustee has calculated that she would be paying the total of amount of $3,371.10 for Claim Number 9, if she had the required information for the Defendant.

7. Since the Trustee cannot pay the Claim, she is seeking to place these funds in the Registry of the Court via this Interpleader action.

Wherefore, Laura J. Margulies, Chapter 7 Trustee prays this Honorable Court take possession of the $3,371.10 in funds subject to this interpleader action pending resolution by the Defendant of the missing information, discharge the Trustee from any liability to pay Claim Number 9, and for such further and other relief as the Court shall find to be proper, just and equitable.

Respectfully submitted,

/s/  Laura J. Margulies

Laura J. Margulies, Esq., (06585)

7050 W. Palmetto Park Road, #15-390

Boca Raton, FL 33433

301-483-9800

Trustee@law-margulies.com